# ROBERT COX
## v.
# THE CITY OF TUSCOLA.

PRACTICE—FAILURE OF APPELLEE TO FILE BRIEFS.—Where the defendant in error, or appellee fails to file his brief, in compliance with the rule of this court, the judgment or decree will be reversed *pro forma*, unless the court, on examination of the record, shall deem it proper to decide the case on its merits.

APPEAL from the Circuit Court of Douglas county; the Hon. W. E. NELSON, Judge, presiding.

Mr. WM. A. DAY, for appellant; that the impounding of appellant's animals was unlawful, cited Kinder v. Gillespie, 63 Ill. 88; Case v. Hall, 21 Ill. 635.

All ordinances must be reasonable, and it belongs to the court to determine what are reasonable: Kip v. City of Patterson, 2 Dutch. 298; Paxon v. Sweet, 1 Green, 196; Commissioners v. Gas Co. 12 Pa. St. 318; Dunham v. Trustees, etc. 5 Cow. 462; Kinder v. Gillespie, 63 Ill. 88.

To authorize impounding of animals, the owner must intentionally permit or suffer them to run at large: Kinder v. Gillespie, 63 Ill. 88; Case v. Hall. 21 Ill. 635.

Cox v. City of Tuscola.

The city marshal, in impounding the animals, acted in obedience to an ordinance of the city, and the city is liable: Dillon on Municipal Corporations, § 766; City of Pekin v. Newell, 26 Ill. 320; Chicago v. McGraw, 75 Ill. 566; Allen v. City of Decatur, 23 Ill. 332; Wolf v. Boettcher, 64 Ill. 316.

Retaining the money received for the impounding was a ratification by the city of the act of the marshal: McGary v. Lafayette, 4 La. An. 440; Wilde v. New Orleans, 12 La. An. 15; Lee v. Sandy Hill, 40 N. Y. 442; Thayer v. Boston, 19 Pick. 516.

Payment of money by appellant to obtain possession of his animals, which he could not do by any other means, is a compulsory payment, and may be recovered back: Shaw v. Woodcock, 7 B. & C. 73; Irving v. Wilson, 4 T. Rep. 485; County of LaSalle v. Simmons, 5 Gilm. 513; Clinton v. Strong, 9 Johns. 370; Spaids v. Barrett, 57 Ill. 289.

Messrs. McPHERSON & McPHERSON, for appellees; that a municipal corporation is not liable for an illegal seizure of property by one of its officers, cited Dillon on Municipal Corporations, § 770; Fox v Northern Liberties, 3 Watts & Serg. 103; President, etc. v. Schroeder, 58 Ill. 353.

Police officers appointed by a city are not its agents, so as to render the city liable for their unlawful acts: Dillon on Municipal Corporations, § 773; Buttrick v. Lowell, 1 Allen, 172; Pesterfield v. Vickers, 3 Coldw. 205; Ready v. Mayor, 6 Ala. 327; Stewart v. New Orleans, 9 La. An. 461; Dargan v. Mobile, 31 Ala. 469; Richmond v. Long's Adm'r, 17 Gratt. 375; Roland v. Mayor, 1 Sandf. 27.

Failure of the city attorney to refund the money, it not being in the line of his duty, constituted no ratification by the city: People v. Mayor, 11 Abb. 325.

The city had no power to authorize the seizure of appellants' animals: Kinder v. Gillespie, 63 Ill. 88; Case v. Hall, 21 Ill. 635.

The ordinance was *ultra vires* and void, and no right of action exists against the city for acts done under it: Chicago v. Turner, 80 Ill. 419; President etc. v. Schroeder, 58 Ill. 353;

Horn v. Baltimore, 30 Md. 218; Eastman v. Meredith, 36 N. H. 248; Mayor etc. v. Cunileith, 2 Comst. 165; Dillon on Municipal Corporations, § 766.

PER CURIAM. The appellant in this case has filed his abstract and brief, as required by the rules of this court and argued the case orally. The appellee has failed to file a brief, in the case, and on looking into the record we are not prepared to reverse the case on its merits without a further examination of its authorities, which should have been furnished by appellee. We do not feel it our duty to spend the time required to look up authorities which should have been furnished by appellee, and therefore reverse the case *pro forma* under rule 30 of this court and remand it for further proceedings.

JUSTICE LACEY dissents, and is of opinion that the judgment of the court below should be affirmed on the authority of the case of the town of Odel v. Schroeder, 68 Ill.. 353.